## EVIDENCE AS TO TEST MADE AS TO QUALITY OF GOODS.

Circuit Court of Cuyahoga County.

THE COGSWELL DENTAL SUPPLY CO. v. GIDEON SIBLEY.

Decided, January 20, 1908.

*Sales—Evidence—Warranty—Result of Laboratory Test of Goods Sold on Warranty Admissible.*

In an action for the price of manufactured goods sold on warranty, evidence of laboratory tests of the goods delivered is admissible.

*Billman & Billman,* for plaintiff in error.
*Carr, Stearns & Chamberlain,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This was an action for the price of a large number of sets of artificial teeth sold by the defendant in error to the plaintiff in error, which is a dealer in dental supplies. The defense was breach of warranty of quality.

On the trial the burden of the proof was, of course, upon the defendant below, plaintiff in error here, and it offered to show by its clerk in charge of its teeth department that the said teeth, when tested in the laboratory, were found to be brittle and worthless, and of no value, that the metal pins attached to said teeth were brittle and fragile and broke on slight pressure, and that the teeth were absolutely worthless and could not be used. To the exclusion of this evidence the defendant excepted and rested its case. Thereupon the court directed a verdict for the plaintiff, which was accordingly rendered.

These rulings of the court we think were erroneous. True, the teeth were exhibited to the purchaser at the time of the purchase, placed in stock by him and an effort made to sell them, but with very little success. Upon reports from customers, that the teeth were unfit for the use intended, the fact developed, according to the proof offered but excluded, that when tested in the laboratory they were found to be defective and worthless.

Apparently these defects were not discoverable upon examination at the time of the purchase.  The seller's agent represented them to be good and strong, and the purchaser stated to the agent at the time that he bought them upon that representation. The evidence offered should have been received and the case submitted to the jury.

For the reasons indicated, the judgment of the court of common pleas is reversed and the cause remanded for a new trial.